O’Neall, J.
delivered the opinion of the Court.
The difference between a penalty, and stated or liquidated damages, is not well ascertained; and, indeed, it is often difficult to distinguish between them. Where a less sum is secured to be paid by a greater; or a sum in gross is put down to cover smaller sums, or several things to be done; or where it is intended to secure a party against damages for a breach of covenant ; it is generally a penalty, and the jury may assess the actual damages of the party. But where it is intended to operate as a forfeiture, if the thing stipulated to be done is not done by the day fixed, or in the way agreed, it would generally be regarded *295 .as stipulated damages, and the jury would be compelled to find the amount.
It is in vain, however, to undertake to define, with certainty and precision, what shall in all cases be regarded as a penalty, and what as stated damages. It will always depend on the intention of the contracting parties, to be gathered from the terms of the contract, construed in relation to its subject matter: For parties are competent to contract as they please, in relation to all matters neither mala in se, nor mala prohibita: and if they think proper, to stipulate to pay a particular sum on a given day, or if a specified thing is or is not done, it will be binding, and must be enforced. In some cases, it may operate hardly, as perhaps it will in the case before us ; but still if it does, it is the act of the parties, and of the law made by themselves.
The most we can do in such a case, is to point out some general rules, by which we may venture to say, when a sum stipulated to be paid shall be considered as stated damages. It appears to me that in general the three following rules will be suificient: 1st. If the principal sum, or the thing contracted about, is to be paid or enjoyed, and a sum is to be paid in addition, then this additional sum is stated damages. 2d. If the sum to be paid is less than the principal sum, or than the value of the thing contracted about, it would generally be regarded as stated damages. 3d. If a day is fixed for the performance of an act, and a postponement of it beyond that day could operate but little or no damage to the party, and still a sum is stipulated to be paid, if performance is not made, it must be considered as a sum to be forfeited in that event, and therefore, stated damages. These rules are very well sustained by the cases collected in Evans’ Appendix to Pothier on Obligations. 2 Evans’ Pothier, 93,-4-5-6-7-8. See also Pothier’s Treatise, part 2. ch. 3. art. 1. sec. 3. 1 Evans’ Pothier, 209.
The same principles are deducible from the case of Satterwhite v. M‘Kie. Harp. 397. In that case the defendant promised to pay a sum of money on a given day, and if not punctually paid, then that it should bear interest from the date. He failed to pay on the day, and it was held that the plaintiff was intitled to recover the interest from the date of the note. This was a sum agreed to be forfeited, if money was not paid at a day fixed; and although a forfeiture to secure punctuality, yet it was *296 a contract made by parties competent to contract, and on a malter not prohibited by law, and therefore recoverable.
The sum agreed to be paid in the case before us, can be regarded in no other point of view than as stated damages: for the contract expressly provides, that it shall not impair the lien of the mortgage on the slave agreed to be delivered; and it is an unconditional undertaking to pay, if the slave is not delivered on or before a specified day. The charge of the presiding Judge was therefore erroneous in directing the jury, that they might find for the plaintiff a sum less than that agreed to be paid by the defendants.
Motion granted.